UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HARBOR TOWING & FLEETING, INC.           CIVIL ACTION

VERSUS                                    NUMBER: 10-2457

ACCUMARINE TRANSPORTATION, LP, ETC.       SECTION: "K"(5)

### REPORT AND RECOMMENDATION

Pursuant to an order of reference from the District Judge, presently before the Court is the motion of plaintiff, Harbor Towing & Fleeting, Inc. ("Harbor Towing"), to set the amount of attorneys' fees and costs that it was previously awarded herein. (Rec. docs. 24, 23).

On August 4, 2010, plaintiff filed the above-captioned matter to recover for towage services it had provided to some twelve barges that are owned by defendant, Accumarine Transportation, LP ("Accumarine"). (Rec. doc. 1). Accurmarine failed to file an answer to plaintiff's complaint and in due course a default judgment was entered in plaintiff's favor in the amount of $27,362.85, plus prejudgment interest, and for the attorney's fees and costs that plaintiff has incurred in prosecuting this case.

(Rec. doc. 22). By way of its present motion, Harbor Towing seeks to have quantified $13,782.42 in attorneys' fees and costs that it has expended to date, reserving its right to file supplemental briefing as to any future fees and costs. (Rec. doc. 23). It has now been over three months since Harbor Towing filed and served its motion upon Accumarine but no memorandum in opposition to the motion has been forthcoming from defendant.

The starting point for making a determination of an appropriate amount of attorney's fees is the lodestar calculation which is arrived at by multiplying the number of hours reasonably expended on the matter by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S.Ct. 1933, 1939 (1983). That calculation is presumed to yield a reasonable fee but a court can make upward or downward adjustments to that figure based on the twelve factors set forth in Johnson v. Georgia Hwy. Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). Nevertheless, the lodestar amount should be modified only in exceptional cases. City of Burlington v. Dague, 505 U.S. 557, 562, 112 S.Ct. 2638, 2641 (1992).

As noted above, the first step in determining reasonable attorney's fees is an evaluation of whether the total hours claimed were reasonable and whether those hours were reasonably expended. Louisiana Power & Light Co. v. Kellstrom, 50 F.3d 319, 324-25 (5th

Cir.), cert. denied, 516 U.S. 862, 116 S.Ct. 173 (1995). In this case, plaintiff's attorneys logged in a total of 51.6 hours which represents 26.6 hours of partner-level time and another 25 hours of associate-level time. Paralegals additionally devoted another 9.2 hours to the file. While the total number of hours may initially appear to be excessive in what is essentially a collection case, roughly half of the time logged in by Mr. Hebert involved pre-suit activities in attempting to collect on the debt which at least resulted in a partial payment of the total amount owed. With a few exceptions, the partner-level attorneys did not each bill for the time that they spent in telephone conferences with the other. Defendant has not contested the reasonableness of the claimed hours in any fashion. Accordingly, it will be recommended that plaintiff be awarded attorneys' fees for the total number of hours that its attorneys and paralegals expended.

The second step in arriving at a lodestar figure is determining a reasonable hourly rate. "To determine reasonable rates, a court considers the attorneys' regular rates as well as prevailing rates." Louisiana Power & Light Co., 50 F.3d at 327-28 (citing H.J., Inc. v. Flygt Corp., 925 F.2d 257, 260 (8th Cir. 1991)). The actual amount paid in fees is not dispositive of the question of a reasonable rate. Id. at 328 (citing Blum v. Stenson, 465 U.S. 886, 895-96, 104 S.Ct. 1541, 1547 (1984)).

In the sworn declarations that are attached to their motion, plaintiff's attorneys state what their billable rates in this matter have been but they do not set forth their regular, customary rates.  For his part, Mr. Wynne, who has been in private practice for nearly seven years, billed .8 hours at $235.00 per hour, 3.8 hours at $300.00 per hour, and 4.8 hours at $325.00 per hour.  Mr. Hebert, plaintiff's other partner-level attorney who has practiced law for over forty years, logged in 17.2 hours at $225.00 per hour.  The associate-level attorney in the case, Mr. Anada, put in 8.3 hours at $195.00 per hour and 16.7 hours at $210.00 per hour. Also attached to the motion are excerpts from the 2010 NLJ Billing Survey which indicate that hourly rates for partner-level attorneys in New Orleans ranged from $550 to $250 per hour (Adam & Reese) to $385 to $180 per hour (Phelps Dunbar).  Associate-level attorneys at those two firms respectively billed from $290 to $195 per hour and $240 to $145 per hour.

The Court notes that the Louisiana Open Account Statute, LSA-R.S. 9:2781, the basis for plaintiff's fee request, is penal in nature.  <u>Savant Ins. Services, Inc. v. Central Oil and Supply Corp.</u>, 821 So.2d 623, 632-33 (La. App. 2nd Cir.), <u>writ</u> <u>denied</u>, 827 So.2d 1155 (La. 2002).  With that in mind, the Court believes that it would be inequitable to shift to defendant the payment of legal fees for one of plaintiff's partner-level attorneys at up to

4

$325.00 per hour when the other partner-level attorney, who has over four times the experience, billed at $225.00 per hour in what is essentially a collection suit.  Accordingly, it will be recommended that the hourly rate for Mr. Wynne be reduced to $225.00 dollars per hour.  The hourly rates sought by the associate-level attorney and the paralegals will remain unchanged.

Finally, the two law firms that represented plaintiff in this matter incurred costs that total $865.92.  Of that amount, $139.68 represents the cost of Westlaw research.  Because computerized legal research is not one of the enumerated costs that is recoverable under 28 U.S.C. §1920, the cited amount should be disallowed.  See Ill. Central Railroad Co. v. Harried, 2011 WL 283925 at *6 (S.D. Miss. Jan. 25, 2011); Honestech, Inc. v. Sonic Solutions, 725 F.Supp.2d 573, 581-82 n.3 (W.D. Tex. 2010)(and cases cited therein); Lewis v. Hurst Orthodontics, PA, 292 F.Supp.2d 908, 914 n. 11 (W.D. Tex. 2003).  As the remainder of the costs appear reasonable, it will be recommended that plaintiff be awarded costs in the amount of $726.24.

## RECOMMENDATION

For the foregoing reasons, it is recommended that the plaintiff be awarded attorneys' fees in the amount of $12,143.50 and costs in the amount of $726.24, for a grand total of $12,869.74.

A party's failure to file written objections to the proposed

findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this  20th  day of       June      , 2011.

                                              */s/ Alma L. Chasez*
                                              ALMA L. CHASEZ
                                UNITED STATES MAGISTRATE JUDGE